UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ORUCH LOWENBEIN

                Plaintiff,

- against -

SHARINN & LIPSHIE, P.C. and
HARVEY SHARINN

                Defendant.

Index No. 11-CV-1196(LB)(ENV)

**ANSWER**

---

Defendants Sharinn & Lipshie, P.C. (hereinafter referred to as S&L) and Harvey Sharinn representing themselves by their attorney Amanda Moreno, answer the Plaintiff's Complaint as follows:

### *Introduction*

1. Defendants deny all allegations contained in paragraph 1 of Plaintiff's Complaint. Defendants at no time during, or prior to commencement of Plaintiff's action, violated any of the provisions of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA").

### *Parties*

2. Defendants admit to the statement in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit to the statement in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit to the statement in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit to the statement in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit to the statement in paragraph 6 of Plaintiff's Complaint.

### *Jurisdiction and Venue*

7. Defendants admit to the statement in paragraph 7 of Plaintiff's Complaint.

8. With regard to paragraph 8, although Defendants deny liability in this case it admits that venue is proper in this district.

### *Allegations Particular to Oruch Lowenbein*

9. Defendants admit to the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants admit to the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 of the Complaint appears to be merely descriptive of certain statutory provisions; however, to the extent that it can be construed to assert violation of those provisions or wrongdoing by Defendants it is denied.

### *As and For A First Cause of Action*

17. Defendants restate, re-allege, and incorporate herein by reference, paragraphs 1-16.

18. In response to the allegations contained in paragraph 18 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that a class exists.

19. In response to the allegations contained in paragraph 19 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that a class exists.

20. In response to the allegations contained in paragraph 20 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that a class exists.

21. In response to the allegations contained in paragraph 21 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that a class exists and therefore the standards for a class action suit are not met.

22. In response to the allegations contained in paragraph 22 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that a class exists.

23. In response to the allegations contained in paragraph 23 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that a class exists.

24. In response to the allegations contained in paragraph 24 of Plaintiff's Complaint, said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, Defendants deny that the Plaintiff is a "least sophisticated consumer" as defined by the FDCPA.

## *Violations of the Fair Debt Collection Practices Act*

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint. Defendants at no time during, or prior to commencement of Plaintiff's action, violated any of the provisions of the FDCPA.

26. Defendants deny all allegations contained in paragraph 26 of Plaintiff's Complaint. Defendants at no time during, or prior to commencement of Plaintiff's action, violated any of the provisions of the FDCPA and therefore no damages as appropriate.

## *As and For Defendant's First Affirmative Defense*

27. Defendants repeat and re-allege and incorporate herein by reference all of the foregoing paragraphs as if set forth herein.

28. Plaintiff's complaint fails to state a claim upon which relief can be granted.

## *As and For Defendant's Second Affirmative Defense*

29. In the event that the Court finds that Defendants violated any sections of the FDCPA, said violation is a bona fide error as defined in the statute.

### *As and For Defendant's Third Affirmative Defense*

30. Plaintiff's right to recovery against S&L is barred and/or any recovery to which Plaintiff might otherwise be entitled must be reduced by Plaintiff's contributory and comparative negligence.

### *As and For Defendant's Fourth Affirmative Defense*

31. Plaintiff expressly or impliedly consented to S&L's conduct towards Plaintiff.

### *As and For Defendant's Fifth Affirmative Defense*

32. Plaintiff's action may constitute a waiver of any right or remedy.

### *As and For Defendant's Sixth Affirmative Defense*

33. Defendants acted reasonably and in good faith with respect to Plaintiff at all material times based upon all relevant facts and circumstances known by Defendants at the times it acted.

### *As and For Defendant's Seventh Affirmative Defense*

34. The herein action was brought in bad faith and for the purposes of harassment.

### *As and For Defendant's Eighth Affirmative Defense*

35. Defendants reserve the right to assert any other additional defenses which may become known or available to it during the pendency of this action.

**WHEREFORE**, Defendants pray that this Court dismiss Plaintiff's Complaint it its entirety as Plaintiff's action was brought in bad faith, with the intention to harass Defendants. As such, Defendants respectfully requests that the Court award Defendants costs and attorneys fees pursuant to 15 U.S.C. 1692k(3).

Dated: October 15, 2011
      Uniondale, New York

Yours, etc.
Sharinn & Lipshie, P.C.

By: _____S/_____
Amanda J. Moreno (AM0544)
Attorney for Defendant S&L
333 Earle Ovington Blvd.
Suite 302
Uniondale, New York 10530
(516)873-6600